UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIDY JINETH MORENO-OSORIO,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06912-DAD-CKD<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*; GRANTING PETITION FOR A WRIT OF HABEAS CORPUS; AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR THE APPOINTMENT OF COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On August 31, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order ("TRO") (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). Petitioner entered the United States in April 2022 where she encountered immigration authorities but was then released. (Doc. No. 1 at 9; Doc. No. 9 at 1.) Petitioner has been in ICE custody since July 2026. (*Id.* at 2; Doc. No. 9 at 1.) On September 1, 2026, the court ordered respondent to file a response to petitioner's TRO motion and to state whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In that same order, the court directed that if respondent opposed the court ruling on the underlying petition based on

the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*) Respondent filed its response and does not contest this court ruling on petitioner's habeas petition at this time. (Doc. No. 9.)

The facts of this case are based on the parties' filings. Petitioner is a citizen of Columbia. (Doc. No. 9-3 at 1.) Petitioner encountered immigration officials in and around El Paso, Texas, on or about April 24, 2022, and was then released. She came back into immigration custody in July 2026, after an arrest by local law enforcement and remains in immigration custody. (*Id.*) Important for purposes of this order, respondent concedes that petitioner's immigration custody is pursuant to 8 U.S.C § 1226(a), as, according to respondent, the relevant statutes and regulations permit.

There are certain due process protections afforded to petitioner under the Fifth Amendment to the United States Constitution that respondent has not addressed in its response. Accordingly, in light of respondent's concession that § 1226(a) controls petitioner's current detention, the court incorporates its reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Moran v. Andrews*, No. 1:26-cv-04891-DAD-AC, 2026 WL 1893581, at *2 (E.D. Cal. June 30, 2026), in which the court concluded that the petitioner's detention without a pre-deprivation hearing following a prior release by immigration authorities violated petitioner's due process rights.

Thus, for the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Leidy Jineth Moreno-Osorio, A. File No. 240-895-650 from respondent's custody on the conditions, if any, she was subject to prior to her most recent immigration detainment in July 2026;

   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge,

at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motions for a temporary restraining order (Doc. No. 3) and for appointment of counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting petitioner's habeas petition on the merits;

4. The Clerk of the Court is directed to serve a copy of this order on the California City ICE Detention Faculty; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 18, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE